UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN FEDERATION INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NUKA ENTERPRISES, LLC; and GEORGE TSITIRIDIS<br>　　　　　　Defendants. | Case No.: 1:22-cv-07221 |

### AGREED MOTION FOR AN ENTRY OF AN ORDER AND TO DISMISS THE COMPLAINT FOR DECLARATORY RELIEF

NOW COMES the Plaintiff, American Federation Insurance Company ("AmFed"), by and through its attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP, and Defendant Nuka Enterprises, LLC ("Nuka"), by and through its attorneys, BENESCH FRIEDLANDER COPLAN & ARONOFF LLP, and jointly submit this Motion for an entry of an order and to Dismiss its Complaint for Declaratory relief and in support hereof, states as follows:

1. On June 29, 2022, George Tsitiridis filed the underlying lawsuit on behalf of himself and all those similarly situated against Nuka alleging certain injury and damages as a result of products produced, marketed and sold by Nuka.

2. Pursuant to two Commercial General Liability policies issued by AmFed to Nuka under policy numbers AFGL-CO-00641-00 and AFGL-CO-00641-01 ("Policies"), which were in effect at the time of the alleged conduct, Nuka tendered its defense for the underlying lawsuit to AmFed.

1

3. AmFed disclaimed coverage pursuant the specific policy terms and exclusions contained in the Policies.

4. On December 22, 2022, AmFed filed the instant Declaratory Judgment Action, naming both Nuka, as the named insured, as well as George Tsitiridis as defendants. To date, only defendant Nuka has appeared. Neither defendant has filed answers or other pleadings.

5. On June 16, 2023, the underlying lawsuit was dismissed with prejudice pursuant to stipulation as to the named plaintiff, George Tsitiridis, with no class certification having been granted as to any potential class members. (See Agreed Order of Dismissal and Stipulation of Dismissal with Prejudice attached hereto **Exhibit A** attached hereto).

6. On February 13, 2023, counsel for Nuka contacted counsel for Plaintiff and represented that Nuka requested to formally withdraw its tender to AmFed for coverage relating to the underlying lawsuit and that this withdrawal was being made with prejudice.

7. On June 22, 2023, Defendant Nuka executed a stipulation under which it has withdrawn Nuka's tender to AmFed, with prejudice, and agrees to entry of an order declaring that AmFed has no duty to defend or indemnify Nuka for the underlying lawsuit. (See **Exhibit B** attached hereto).

8. George Tsitiridis was named in this action as a necessary party as he may have had an interest in the outcome of the coverage dispute.

9. A final order dismissing the underlying lawsuit has been entered dismissing the individual claims of George Tsitiridis with prejudice rendering any potential interest of George Tsitiridis moot and therefore he is no longer a necessary party to this Declaratory Judgment Action. A necessary party is one "claiming an interest relating to the subject of the action and is so situated that the disposition of the action [in the person's] absence may as a practical matter impair or

impede [their] ability to protect that interest" or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. *Salton, Inc. v. Philips Domestic Appliances & Pers. Care B.V.*, 391 F.3d 871, 876 (7th Cir. 2004); Fed. R. Civ. P. 19(a)(1). Under Illinois law, the tort claimant is a necessary party to a lawsuit seeking to determine coverage. *Great W. Cas. Co. v. Mayorga*, 342 F.3d 816, 817 (7th Cir. 2003) (citing *Zurich Ins. Co. v. Baxter Int'l, Inc.*, 173 Ill. 2d 235, 670 N.E.2d 664, 668-69, 218 Ill. Dec. 942 (Ill. 1996); *Thoele v. Aetna Casualty & Surety*, 39 F.3d 724, 726 (7th Cir. 1994)). The claimed injury must be a direct injury that is not moot or hypothetical. *Atlanta Int'l Ins. Co. v. Atchison, T. & S. F. R. Co.*, 938 F.2d 81, 83 (7th Cir. 1991). A case is moot when it no longer presents a live case or controversy. See *Tobin for Governor v. Ill. Bd. of Elections*, 268 F.3d 517, 528 (7th Cir. 2001) (citing *Bd. of Ed. of Downers Grove Grade Sch. Dist. No. 58 v. Steven L.*, 89 F.3d 464, 467 (7th Cir. 1996)).

10. Here, because all personal claims of George Tsitiridis were dismissed with prejudice in the underlying lawsuit, he is no longer a necessary party to the case at bar as he has no claim to coverage under the Policies. Accordingly, any potential interest of George Tsitiridis in this Declaratory Action has been rendered moot.

11. The plaintiff in the underlying action never sought class certification and therefore there was no actual controversy with any potential class members in the underlying action resulting in no class members being named as necessary parties to this Declaratory Action.

12. Pursuant to the executed stipulation attached hereto as **Exhibit B**, Nuka no longer has an interest in this Declaratory Action.

13. Therefore, the parties seek an order declaring that AmFed has no duty to defend or indemnify Nuka for the underlying litigation and a dismissal of this declaratory action for want of further case or controversy.

WHEREFORE, Plaintiff American Federation Insurance Company and Defendant Nuka Enterprises, LLC request this Court grant their Agreed Motion to Dismiss the Declaratory Action with a finding that AmFed does not owe a duty to defend or indemnify Nuka for the underlying lawsuit.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
One of the Attorneys for Plaintiff
AMERICAN FEDERATION INSURANCE COMPANY


BENESCH FRIEDLANDER COPLAN & ARONOFF LLP



By: _____
Emily Newhouse Dillingham
Attorney for Defendant, NUKA ENTERPRISES, LLC
Benesch Friedlander Coplan & Aronoff LLP
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606
edillingham@beneschlaw.com


Prepared by with consent of Defendant:
Danny L. Worker
Charlotte S. Kormendy
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
312-345-1718/ Fax:312-345-1778
Dan.Worker@lewisbrisbois.com
Charlotte.Kormendy@lewisbrisbois.com

4