UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

American Federation Insurance Company

                      Plaintiff,

v.                                                                  Case No.: 1:22−cv−07221
                                                              Honorable John F. Kness

Nuka Enterprises LLC, et al.

                      Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, June 26, 2023:

        MINUTE entry before the Honorable John F. Kness: Before the Court is Plaintiff's "Agreed Motion for Entry of an Order and to Dismiss the Complaint for Declaratory Relief" [16]. Plaintiff does not specify under which provision of Rule 41 of the Federal Rules of Civil Procedure it seeks to proceed in its quest to dismiss this case voluntarily. Plaintiff has filed a motion to dismiss the complaint, which ordinarily would suggest that Plaintiff seeks to proceed under Rule 41(a)(2) (&quot;Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.") But Defendant has not answered the complaint, meaning that Plaintiff could have simply filed a stipulation of dismissal under Rule 41(a)(1), which, as the Seventh Circuit has explained, is a "self−executing" act that is "effective without further action from the court." *Nelson v. Napolitano*, 657 F.3d 586, 587 (7th Cir. 2011). Complicating the matter, and perhaps explaining why Plaintiff proceeds by motion instead of a stipulation of dismissal, is Plaintiff's apparent request for a declaration of rights by the Court. More specifically, Plaintiff asks the Court to issue an "order declaring that AmFed [Plaintiff] has no duty to defend or indemnify Nuka [Defendant] for the underlying litigation and a dismissal of this declaratory action for want of further case or controversy." (Dkt. 16 at 4.) This request is apparently driven by the stipulation of Defendant, an entity to whom Plaintiff issued one or more insurance policies, that it no longer seeks coverage under the relevant policies and "instead withdraws its demand for insurance coverage in relation to" the underlying state court case that prompted Defendant's original request for coverage. (Dkt. 16−1 at 1−2.) That stipulation follows Defendant's earlier request "to formally withdraw its tender to [Plaintiff] for coverage relating to the underlying [state] lawsuit...." (Dkt. 16 at 2, 6.) Why Plaintiff now seeks a court order saying the same thing is unclear, and Plaintiff has not submitted any legal argument (as opposed to Defendant&#039;s concessions) suggesting that the language of the relevant policies compels such an order. But there is an antecedent problem: namely, Plaintiff's sensible concession that there no longer remains a live case or controversy. Plaintiff offers no legal authority for the proposition that a federal court can issue a belt−and−suspenders declaration of rights where no live case or controversy exists, let alone whether doing so would be a prudent use of the federal courts. *See Jones v. Griffith*, 870 F.2d 1363, 1368 (7th Cir. 1989) (the "rule against... issuing advisory opinions is part of a broader policy" that "[f]ederal courts exist to resolve cases rather than

to help people prevent their disputes from turning into cases."); *see also Amling v. Harrow Industries LLC*, 943 F.3d 373, 379 (7th Cir. 2019) (the Declaratory Judgment Act confers on federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants."). For its part, this Court is not aware of any such authority. Accordingly, in view of the lack of a presently justiciable case, the Court construes Plaintiff's Agreed Motion [16] as a straightforward and unopposed request under Rule 41(a)(2) to dismiss the case consistent with the representations in, and exhibits to, the Agreed Motion. For the reasons provided by Plaintiff, and as construed by the Court, the Agreed Motion is granted, and the case is dismissed. The hearing set for 6/28/2023 is stricken. Civil case terminated. Mailed notice(ef, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.